**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**BLC LAW CENTER, APC**
Ahren A. Tiller, Esq. [SBN 250608]
ahren.tiller@blc-sd.com
1230 Columbia Street, Suite 1100
San Diego, CA 92101
Telephone: (619) 894-8831
Facsimile: (866) 444-7026

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID BODIE, Individually and on Behalf of All Those Similarly Situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>SNAP FINANCE, LLC,<br><br><br>               Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1. Unlawful Recording of Cellular Communications Under Cal. Pen. Code § 623.7;**<br><br>**2. Invasion of Privacy; and,**<br><br>**3. Negligence.**<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT FOR DAMAGES

# INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. Plaintiff Jason David Bodie ("Plaintiff") individually and on behalf of all other similarly situated California residents and nationwide consumers ("Class Members"), brings this action for damages and injunctive relief against Defendant Snap Finance, LLC ("Snap Finance" or "Defendant"), for Defendant's unauthorized and illegal recordings of conversations with Plaintiff without any notification nor warning to Plaintiff or the Class Members, causing Plaintiff and the Class Members damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's Counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of

the named Defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d). The aggregated claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff's class, on the one hand, and Defendant, on the other hand, are citizens of different states.

8. Plaintiff is a natural person, who resides in the County of Orange, State of California, within the judicial district where the lawsuit is brought pursuant to 28 U.S.C. § 1391(c)(1).

9. Defendant Snap is a Utah Limited Liability Company whose primary place of business is in West Valley, Utah.

10. Upon information and belief, the website for Defendant Snap is https://www.snapfinance.com, wherein Defendant Snap offers consumer financing and loan products.

11. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California through systematic and continuous marketing, sales, and distribution of its products and services, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and distribution of its products and services so as to render the exercise of jurisdiction over Defendant by the California courts consistent with traditional notions of fair play and substantial justice. Moreover, Defendant's wrongful and illegal conduct (as described herein) foreseeably affects consumers in California.

12. Venue is proper in this Court because, upon information and belief, Defendant transacts business in this district and the acts and omissions alleged, specifically, that Defendant invaded Plaintiff's privacy by illegally recording a conversation with Plaintiff, occurred while Plaintiff was physically located in the County of Orange, State of California, pursuant to 28 U.S.C. § 1391(b)(2).

13. Furthermore, Defendant has established sufficient contacts in this district pursuant to 28 U.S.C. § 1391(a), through the business of promoting, selling, marketing and distributing its various and services.

## PARTIES

14. Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Utah, and conducts business in California.

15. Plaintiff is a natural person and resides in Orange County, California.

## FACTUAL ALLEGATIONS

16. On information and belief, Defendant Snap advertises in print and online offering consumers loans of "up to $3,000.00."

17. On information and belief, Defendant Snap has partnered with multiple retail and services businesses throughout the nation wherein they offer financing for consumer purchases.

18. On or about December 10, 2019, Plaintiff received a missed call from telephone number 626-314-5379.

19. Plaintiff subsequently called the number to inquire as to the reason for the call and was told that the call originated from Defendant Snap Financing.

20. Plaintiff spoke to an agent for Defendant and asked why he had a missed call and asked whether he had an account with Snap Financing.

21. When the telephone call began, there was no statement or warning at any time that the call was being recorded.

22. On the call, the agent for Defendant requested Plaintiff's phone number and social security number to locate a possible account for Plaintiff.

23. Plaintiff provided his phone number and social security number to the agent for Defendant, but the agent could not find an account for Plaintiff.

24. After approximately a minute had elapsed, and after Plaintiff provided his personal identifying private information, Plaintiff asked if the call was being recorded, so that in case he did have an account with Defendant, he could prove

1   he at least called and tried to make payment. The agent for Defendant stated that
2   the line was in fact being recorded.

25. There was no warning, statement, notification, recording, or other disclosure at the outset of the call that the call was being or would be audio recorded.

26. Upon information and belief, the telephone conversation between Plaintiff and Defendant's representative was audio recorded.

27. Upon information and belief, regardless of the numbered selection chosen in Defendant's phone tree, at no point does Snap Financing give callers a warning, statement, notification, recording, or other disclosure, that the call is being recorded. Despite this fact, Snap Financing records all inbound calls by individuals calling their main telephone line.

28. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

29. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant audio recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

## CLASS ACTION ALLEGATIONS

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

31. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

//
//

32. Plaintiff proposes a class consisting of and defined as follow:

> All persons in California whose inbound or outbound telephone conversations were recorded without their consent, by Defendant, and or its agents, within one year prior to the filing of the Complaint.

33. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

34. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

35. Numerosity: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant has taken inbound calls from, or made outbound calls to class members nationwide during the Class Period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

36. Commonality: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any call with the California members;
- Whether Defendant had and continues to have a policy during the relevant period of recording telephone calls made to the Class members;
- Whether Defendant's policy or practice of recording telephone

communications with Class members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;

- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

37. Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

38. Plaintiff represents and is a Class member because Plaintiff called Snap, Defendant's or its agent's telephone number, at which time Plaintiff was not provided with any proper warning of the recorded call, and Defendant recorded Plaintiff's conversations without notification.

39. Plaintiff and the Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded Plaintiff and the Class members by way of their telephones thereby causing Plaintiff and the Class members to have personal information, including sensitive personal or financial information revealed without notification that their conversation was being recorded and by invading the privacy of said Plaintiff and Class members. Plaintiff and the Class members were damaged thereby.

40. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he is similarly situated, as demonstrated herein.

41. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class

counsel is experienced in handling claims involving consumer actions and violations of California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur, costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

42. Predominance: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and the Class members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

43. Superiority: Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because individual Class members have no way of discovering that Defendant recorded their telephone conversations without Class members' knowledge or consent. Furthermore, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will

conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

44. The Class may also be certified because:

    (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

    (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    (c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's records and/or records of wireless telephone carriers.

//

//

//

//

# I.

## FIRST CAUSE OF ACTION

### ILLEGAL TELEPHONE RECORDING OF CELLULAR TELEPHONE CONVERSATIONS

### UNDER CALIFORNIA PENAL CODE § 632.7

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

48. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendant and Plaintiff and the California Class members.

49. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and the California Class members.

50. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and the California Class members that their cellular telephone communications with Defendant would be recorded.

51. Defendant failed to obtain consent of Plaintiff and the California Class members prior to recording any of their cellular telephone conversations.

52. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

53. Plaintiff and the California Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.

54. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

//

//

//

## II.

## SECOND CAUSE OF ACTION

## INVASION OF PRIVACY

## INTRUSION INTO PRIVATE AFFAIRS

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

56. Plaintiff and the Class members had a reasonable expectation of privacy while some of the above conduct took place, including but not limited to the provision of sensitive personal and/or financial information by Plaintiff and the Class members.

57. Defendant intentionally intruded into Plaintiff's and the Class members' reasonable expectation of privacy.

58. Defendant's intrusion would be highly offensive to a reasonable person.

59. Plaintiff and the Class members were harmed as a direct and proximate result of these unauthorized and unwarned recorded communications.

60. The conduct of Defendant was a substantial factor in causing Plaintiff and the Class members this harm.

## III.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

62. At all relevant times, Defendant failed to exercise reasonable care in audio recording telephonic conversations with persons in California, by not disclosing that the communications were being audio recorded by Defendant.

63. As a result of Defendant's failure to use reasonable care in regards to its telephone recording practices, Plaintiff and the Class were harmed.

64. Defendant's failure to obtain consent to call recording was the actual and proximate cause of the injuries to Plaintiff and the Class.

65. By failing to advise of call recording at the outset of the telephonic communications required by Cal. Pen. Code § 632.7, Defendant was negligent *per se*.

66. As a proximate result of negligence by Defendant and its agents, Plaintiff and the Class members have suffered, and will continue to incur or suffer general damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- That the action regarding each violation of the Invasion of Privacy and Cal. Pen C. § 632.7 be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- General, compensatory, and punitive damages;
- An amount of $5,000 for each violation of section Cal. Pen. C. § 632, *et seq.*, or three times the amount of any actual damages sustained by Plaintiff, whichever is greater.

Respectfully Submitted

Dated: January 2, 2020        By:    */s/ Abbas Kazerounian*
                                     Abbas Kazerounian, Esq.
                                     Kazerouni Law Group
                                     245 Fischer Ave., Unit D1
                                     Costa Mesa, CA 92626
                                     *Attorneys for Plaintiff*

1

## DEMAND FOR JURY TRIAL

2          Pursuant to the seventh amendment to the Constitution of the United States of

3    America, Plaintiff and Class members are entitled to, and demand, a trial by jury.

4
                                                    Respectfully Submitted
5
     Dated: January 2, 2020                 By:    */s/ Abbas Kazerounian*
6                                                   Abbas Kazerounian, Esq.
                                                    Kazerouni Law Group
7                                                   245 Fischer Ave., Unit D1
                                                    Costa Mesa, CA 92626
8                                                   *Attorneys for Plaintiff*

9
10   **KAZEROUNI LAW GROUP, APC**
     Jason A. Ibey, Esq. (SBN: 284607)
11   jason@kazlg.com
12   321 N Mall Drive, Suite R108
     St. George, Utah 84790
13   Telephone: (800) 400-6808
14   Facsimile: (800) 520-5523
     *Attorney for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Bodie v. Snap Finance, LLC., Class Action Complaint for Damages and Injunctive Relief*